**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DELTA HEALTH GROUP, INC.,

      Plaintiff,

      v.                                           Case No.: 3:05-cv-108/RV/MD

ROYAL SURPLUS LINES INSURANCE CO.,

      Defendant.
_____/

**ORDER**

The above-captioned case arises out of an insurance dispute between Plaintiff Delta Health Group, Inc. ("Delta"), and Defendant Royal Surplus Lines Insurance Company ("Royal"). Pending before the court are cross-motions for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (docs. 40 and 41), to which both parties have filed responses in opposition. Delta has moved to strike the response filed by Royal (doc. 51), and it has moved separately to strike the affidavits filed along with that response (doc. 60).

The factual and legal issues in the case *sub judice* overlap in certain respects with a separate lawsuit involving the same parties, Royal Surplus Lines Insurance Co. v. Delta Health Group, Inc., Case No. 3:03cv419, a case assigned to Judge Richard Smoak of this court.[1] On January 23, 2006, Judge Smoak entered an order

---

[1] I am aware that, early in these proceedings, Delta moved to consolidate the two cases on the ground that they were inextricably linked. I denied this motion because the cases did not "appear" at that time to share common issues of law or fact and because they were at very different stages procedurally (that is, Case No. 3:03cv419 had been pending for two years and discovery was nearly complete, whereas Case No. 3:05cv108 had been filed only the month before). But, I ruled on Delta's motion to consolidate before Royal filed its counterclaim in this litigation, a circumstance that appears to have caused significant overlap between the two cases.

disposing of cross-motions for summary judgment filed in that case. (See doc. 98, filed in Case No. 3:03cv419). It appears from my review of Judge Smoak's order that certain of the issues decided in that case may have a direct bearing on how the motions for summary judgment should be resolved in this case, particularly as it concerns Royal's counterclaim. In fact, Royal specifically argues that the order issued by Judge Smoak is *res judicata* in this litigation. It recently came to my attention that Delta has appealed that order to the Eleventh Circuit, and the appeal is currently pending. It appears from the docket that briefing in that appeal is underway and, perhaps, even complete at this point.

In light of the above, it clearly would serve the interests of judicial economy and administration to abstain from ruling on the motions pending in this case until the appeal is decided by the Court of Appeals. Regardless of how I decide this case, the Eleventh Circuit's decision in Case No. 3:03cv419 will probably be controlling on at least some of the issues. For example, if I were to agree that certain aspects of Judge Smoak's order were *res judicata* and dictate how I must rule on the summary judgment motions, those motions would need to be revisited if the Eleventh Circuit reverses Judge Smoak. Likewise, if I were to disagree with Judge Smoak and/or conclude that his order does not bear on this litigation, but the Eleventh Circuit concludes otherwise, then that decision would need to be revisited. In either event, therefore, it appears that subsequent motions for reconsideration or appeals to the Eleventh Circuit would be very likely. Given that the parties in this case are already in a static position as they await resolution of the appeal --- and because that appeal appears to be well advanced on the Circuit's docket --- it would seem that any prejudice or inconvenience caused by further delay in ruling on the pending motions would be negligible.

For the above reasons, all of the pending motions herein (docs. 40, 41, 51, 60) are each **DENIED**, without prejudice, at this time. The parties are instructed to

advise this court once the appeal is decided in <u>Royal Surplus Lines Insurance Co. v. Delta Health Group, Inc.</u>, Case No. 3:03cv419. Until that time, all further proceedings in this case are **STAYED**. When the appeal is decided, the stay will be promptly lifted, the cross motions for summary judgment re-activated, and supplemental filings invited to address, where relevant, the Eleventh Circuit's disposition of Case No. 3:03cv419. It should be noted that I have reviewed, have considered, and am very familiar with the general arguments and issues raised in the now-pending summary judgment motions. When the appeal is decided by the Eleventh Circuit, I expect to promptly rule upon these motions if they are still viable.

      DONE and ORDERED this 23rd day of February, 2007.


                                        /*Roger Vinson*
                                        **ROGER VINSON**
                                        **Senior United States District Judge**