## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DELTA HEALTH GROUP, INC.,

        Plaintiff,

v.                                  Case No.: 3:05-cv-108/RV/MD

ROYAL SURPLUS LINES INSURANCE CO.,

        Defendant.

_____/

### ORDER

       This case, arising out of a complex insurance dispute, was tried before a jury in March 2008. There are three post-trial motions now pending. First, the plaintiff moves for judgment notwithstanding the verdict ("JNOV") or, in the alternative, for a new trial (doc. 220). Then, depending on how that motion is decided, the parties have filed cross motions for attorney fees, with each side claiming that it is the prevailing party for purposes of collecting fees (doc. 221; and docs. 219, 246).

## I.    BACKGROUND

       The facts of this case are set out in my order denying summary judgment (doc. 130), and they are fully incorporated herein. In short, the plaintiff, Delta Health Group, Inc., owns, operates and manages nursing home facilities located in Florida, Mississippi and Alabama. Dozens of individuals made claims and filed suit against the plaintiff based on allegations of negligent acts and mistreatment at its facilities. The defendant, Royal Surplus Lines Insurance Co. (along with Lexington, another insurance company), insured the plaintiff during the time period underlying these suits. At some point, a dispute arose between the parties as to whether and what extent the defendant had defense and indemnity obligations to the plaintiff. With respect to the former, the defendant maintained that it did not have the duty to defend all the claims and, further, that the plaintiff voluntarily entered into cost-

sharing agreements by which the parties would split defense costs. The plaintiff maintained, however, that the duty to defend was absolute and that the cost-sharing agreements were the product of coercion and duress. When the defendant refused to provide a full defense, the plaintiff refused to pay certain deductibles that were owed. The plaintiff brought this action, alleging breach of contract and seeking declaratory relief. The defendant then filed a counterclaim seeking to recover the unpaid deductibles. The case proceeded to a jury trial in March 2008.[1]

During trial, I ruled as a matter of law that the defendant owed the plaintiff a complete duty to defend the underlying cases. The jury determined that the plaintiff had knowingly and voluntarily entered into the cost-sharing agreements. The jury thus found *against* the plaintiff on all of its 36 claims for reimbursement of defenses costs. It also found *against* the plaintiff on 8 of its 9 indemnity claims. In other words, the jury found in favor of the plaintiff on only 1 of the 45 claims that it was called upon to consider, and the next day a clerk's judgment was entered accordingly. The parties stipulated at trial that the defendant's counterclaim for the unpaid deductibles would be settled upon conclusion of the case, with the specific amount due dependant on what the jury found. As a result of the foregoing, the plaintiff prevailed on its single indemnity claim in the amount of $60,000, and the defendant prevailed on its counterclaim in the amount of $836,835.69.[2]

---

[1] In my summary judgment order, I found that the cost-sharing agreements were coerced. However, that finding was set aside on motion for reconsideration (doc. 204), and, as will be seen, the issue was left for the jury to decide.

[2] The clerk's judgment was not a true final judgment as it did not contain any monetary figures. When the amount that the defendant owes to the plaintiff is subtracted from what the plaintiff owes the defendant, that leaves a net judgment of $776,835.69 in favor of the defendant. The defendant has moved separately for entry of judgment in this amount, and the plaintiff has apparently stipulated to such judgment. A supplemental judgment will be entered contemporaneously herewith.

## II.    DISCUSSION

### A.    The Plaintiff's Motion for JNOV or New Trial

JNOV should be granted if, after "considering the evidence in the light most favorable to the non-moving party, the evidence so strongly points in favor of one party that reasonable men could not reach a contrary verdict." *Iervolino v. Delta Air Lines, Inc.*, 796 F.2d 1408, 1418-19 (11th Cir. 1986) (citations omitted). A motion for new trial should be granted if the verdict "is contrary to the great weight of the evidence." *See id.* at 1419 (citation omitted).

The plaintiff raises a number of grounds to support its motion to amend the judgment or for a new trial, the primary one of which appears to be its argument that there was no consideration to support the cost-sharing agreements. However, consideration to support such an agreement does not have to be significant; as the adage goes, it need only have the value of a peppercorn. I agree with the defendant that, in light of the Lexington self-insured provision, the sharing of defense costs at the very least provided the plaintiff with a degree of certainty (for example, sharing costs at 50-50, as opposed to a higher rate due to the plaintiff's risk of exposure), and this qualifies as consideration.[3]

The other arguments raised by the plaintiff were considered and rejected by the court as a matter of law, or presented and considered at trial, with the jury resolving the issues against the plaintiff. Because I cannot say that "the evidence so strongly points in favor of [the plaintiff] that reasonable men could not reach a contrary verdict," nor was the jury's verdict "contrary to the great weight of the evidence," the motion for JNOV or a new trial must be, and is, DENIED.

---

[3] That the plaintiff received at least some benefit for entering into the cost-sharing agreements (even if only indirectly) can been inferred from Todd Ioakim's email to Alice Deiss dated May 7, 2001, in which he asked "How do we share in expenses[?] I would like to do this, if possible." Certainly, the plaintiff would not have asked to assume a financial obligation for which there was no benefit at all.

**B.      The Parties' Motions for Attorney Fees**

Each side argues that it is entitled to attorney fees as the "prevailing party," and there is merit to both positions. The plaintiff prevailed (as a matter of law) on the issue of whether the defendant owed a complete duty to defend, and it also prevailed (by the jury's verdict) on the issue of whether the defendant was obliged to provide complete indemnification in one of the dozens of underlying cases (Innocencio DeJesus). The clerk's judgment reflects this result. In arguing that it is entitled to fees, the plaintiff relies on section 627.428(1) of the Florida Statutes, which provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

The defendant contends that the plaintiff cannot possibly be regarded as the prevailing party under section 627.428 because it lost 44 out of 45 of its claims. This is not entirely accurate. As noted previously, although the plaintiff prevailed on just a single claim *that was put before the jury*, I ruled that the defendant owed the plaintiff a complete duty to defend the underlying claims *as a matter of law*. This finding on the duty to defend was referenced (but not monetized) in the judgment, and it was not an insignificant claim. Indeed, it could be argued that it was the defendant's refusal to fully honor its defense obligations that led to this litigation. Because the plaintiff prevailed on some of the disputed issues in this case --- and a judgment was rendered in its favor as to those issues --- it is entitled to at least part of its attorney fees under section 627.428(1). *See Danis Industries Corp. v.*

*Ground Improvement Techniques, Inc.*, 645 So.2d 420 (Fla. 1994) (explaining that section 627.428 provides a "one-way street" which allows a prevailing insured to recover attorney fees; further noting that the statute "[does not] say that the fees will be unavailable if the surety prevails on some but not all of the issues").

At the same time, as a consequence of the verdict, the defendant prevailed on its claim for unpaid deductibles. In arguing that it is entitled to collect fees, the defendant relies on an endorsement in the relevant policy, which provides:

> If you do not promptly reimburse us for any deductible amount owned [*sic*; should be "owed"], then any cost incurred by us in collection of the deductible amount will be added and applied in addition to the applicable deductible amount without limitation. These costs include, but are not limited to, collection agency fees, attorney's fees and interest.

The plaintiff contends that the cited endorsement is void because it violates Florida law and public policy. Specifically, the plaintiff argues that because section 627.428(1), discussed *supra*, is a "one-way street" that allows prevailing insureds to recover attorney fees, "an insured's unilateral right to entitlement of fees under § 627.428 would be written out of existence if insurers were permitted to write reciprocal fee provisions into their policies." The plaintiff has not cited case law to support this argument, and my own research has uncovered none. The plaintiff further argues that the defendant waived its claim for fees because the claim was withdrawn --- and then reinstated --- earlier in the litigation, and the withdrawal purportedly operated as *res judicata*. These arguments are unpersuasive, and they are denied without discussion. Under the endorsement quoted above, the defendant is entitled to recover reasonable attorney fees incurred as a result of the plaintiff failing to "promptly" pay the deductibles that were owed.

In light of the foregoing, all things being equal, the plaintiff would be entitled to recover a portion of its attorney fees under section 627.428(1). But, the amount

of fees could not be particularly significant given that the plaintiff did not prevail on most of its claims. *See Danis, supra,* 645 So.2d at 421 (noting that in "determining the fee award, [the court] may take into account the fact that the insured or beneficiary has not prevailed on all issues. . ."). The defendant would be entitled to recover a portion of it fees under the deductible endorsement in the relevant policy. But, the amount owed could not be significant given that the deductible issue was stipulated and not really at issue in the case. In my view, this results in a "wash." Under the unique circumstances of this litigation, I believe it is appropriate and equitable to conclude that neither party has "prevailed" for purposes of awarding attorney fees (or taxable costs). Therefore, none are awarded.

## III.   CONCLUSION

For the foregoing reasons, the plaintiff's motion JNOV or for a new trial (doc. 220) is DENIED. The plaintiff's motion for attorney fees (doc. 221) is DENIED. The defendant's motion for attorney fees (docs. 219, 246) is also DENIED.

DONE and ORDERED this 19th day of June, 2008.

/Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**