**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DELTA HEALTH GROUP, INC.,

    Plaintiff,

v.                                         Case No.: 3:05-cv-108/RV/MD

ROYAL SURPLUS LINES INSURANCE CO.,

    Defendant.
_____/

## ORDER

On June 19, 2008, following a jury trial, the defendant in this case obtained a net judgment against the plaintiff in the amount of $776,835.69, together with pre- and post-judgment interest. The plaintiff then appealed to the Eleventh Circuit, and now, almost three months after judgment, it moves to stay execution of judgment without supersedeas bond pending the appeal (doc. 266). The defendant opposes that motion.

Rule 62(d) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . ." (with exceptions not relevant here). To the extent that the defendant opposes the motion by arguing that Rule 62 "does not provide the district court with any discretion" to grant a stay without a supersedeas bond, the defendant is mistaken. *See, e.g., Campbell v. Rainbow City, AL,* 209 Fed. Appx. 873 (11th Cir. Nov. 30, 2006) ("Rainbow City did not ask the district court to stay the judgment without requiring a [supersedeas] bond, as the district court had the authority to do.") (citing *United States v. Certain Real & Pers. Prop. Belonging to Hayes,* 943 F.2d 1293 (11th Cir. 1991)). But, my discretion to waive the supersedeas bond requirement is limited and may be exercised only in extraordinary circumstances where the moving party "objectively demonstrates" that there is reason to do so. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189 (5th Cir. 1979). In trying to establish that such circumstances are present here, the plaintiff contends that the supersedeas bond is unnecessary because "it is financially responsible to satisfy without delay whatever judgment, if any, becomes final by

mandate of the United States Court of Appeals for the Eleventh Circuit, and thus Royal is in no danger of sustaining irreparable harm."

Although the plaintiff has filed an affidavit purporting to demonstrate that it has access to funds and property in excess of the judgment, the affidavit presents an incomplete picture of the plaintiff's assets and financial status. There is, for example, no discussion of the plaintiff's current and potential future liabilities, a figure that is very important in analyzing the plaintiff's financial condition. Also, as the defendant states by way of its own affidavit, the plaintiff "has repeatedly taken the position that it could not meet its obligations" under the self-insured retention period, and "that it could not afford to pay more than minimal amounts, i.e., $25,000 - $100,000 per claim for medical incidents occurring outside Royal's periods of coverage." These representations call into question the plaintiff's claim that it has the resources to satisfy the judgment "without delay" if the Eleventh Circuit orders it to do so. Its financial condition is questionable. The plaintiff is apparently a defendant in a large number of currently-pending lawsuits, too. It would be inequitable to require Royal, which already has a judgment against the plaintiff, to wait in line behind other potential creditors and run the risk of ending up with an empty judgment.

Accordingly, the plaintiff's motion to stay execution of judgment without supersedeas bond (doc. 266) must be, and is, DENIED, as is its request for me to grant a 30-day stay to permit the Court of Appeals to also consider the stay. I will enter a stay only upon the filing of an acceptable supersedeas bond.

DONE and ORDERED this 24th day of September, 2008.

/s/  *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**